1308. Mr. Benefiel. Basically, this is a promotional method and a calendar for promotional purposes. The calendar performs the function, a daily calendar, bringing fresh eyes to each page. In other words, the human tendency is when you have a new page, you actually look at it, whereas if it's a page that's constantly displayed, you tend to not see it. That's a fairly short period of time. The fact of a person's name has a great deal of power to that person. But that's printed matter, isn't it? Yes, it is printed matter. It doesn't really have a functional relationship that changes the calendar without it. I mean, the calendar still reads as a calendar. Yes, it performs its function as a calendar, but it interacts with that function. The nature, in similar fashion to the gulag case, it interacts with that. It's the daily page which the person will look at afresh, and the name will be presented entirely. Why wouldn't it be entirely obvious for someone to, in light of the prior art, simply put a name on each page? Because there's a new function there. There's a synergism that you will look at that page and you will see your name and it will be in conjunction, as opposed to just seeing a sign that's displayed continuously. It's the daily page. Obviously, it's a subtle psychological effect. But January 8th is still January 8th. It doesn't become a better day or a more important day? Well, the result we seek is not to inform the customer of the date. We seek to promote the enterprise to that customer. So that's the new function, in a more effective way than has been done before. So it's the effect on the human psyche. You turn a page, you look at it freshly every day, and that psychological effect is achieved. Now this is, promotion is not a mechanical or physical process. This is a promotional process to the human being, like in advertising, promotion. This is the stuff which they operate with. They don't reach out and hit the customer with a hammer. They create this fresh eyes looking at a fresh page in this context. That is the, in this kind of a business, that's very significant. Now the patent office, as perhaps also the court, tends to be a little skittish whenever printed matter is involved, but this court has... Skittish? Does that mean to reject? No, I'm just saying, it gets a look. It's like, ok, this printed matter has been a traditional... I was an examiner years ago, and printed matter was just something from hell. Let me ask you, if this patent were granted, and I had a calendar that had the Raider Insurance Company motif on the top, and then you'd tear away each day, why wouldn't it be infringement for Raider, which is displayed along with each day on my calendar face, to infringe your patent? Well, the concept here is that you would tune out the thing that's always there. It would be, when you look at the tear off page, that was the reinforcement. Why won't I tune out the Raider Insurance that pops up each day anyway? Well, obviously, that could happen too, but the human nature is otherwise, that you will look at it afresh, rather than just something up there at the top. Every day you see this, this is a person now, a person's name, in combination with this enterprise. This is not just XYZ plumbing up at the top, this is a person's name, which has special power, and it's in conjunction with, on that same daily page. But I'm not sure I understood your first answer to Judge Raider's question. If his calendar reads, Raider Insurance Company, Randall R. Raider President, and then the calendar has each day, wouldn't that infringe? Well, I understood him to say it was at the top of the calendar, it would not tear off. No, it does, each page has Randall R. Raider Insurance, and then Randall R. Raider Proprietor, and then the date, January 8th. Wouldn't that infringe? Well, it's a separate person, you can't promote yourself to the enterprise. What do you mean you say separate person? There's a person's name, and an enterprise identifier, or associate on the page. I'm not sure where, what limitation, am I missing something here? Each page probably printed with the name of the person, to personalize each page of the calendar. That would be Raider. Well, possibly, but the method claims are to promote the enterprise to the person. We certainly wouldn't claim infringement in that circumstance. You might not sue, but if I were the examiner, I would certainly think that prior art, if there were some, would certainly read on your claims. Well, there is maybe prior art to that effect. All of this before the patent office was a conventional tear-off calendar with no hint of putting a person's name on there. And what I understood the rejection was that they said, we will ignore the name because of this esoteric rule when printed matter is combined with other structure, which I think myself, this case is on all fours with Gulak, in that Gulak found a functional relationship between the printed matter and the rest of the structure. What were the facts in Gulak? Pardon me? What were the facts in Gulak? Well, Gulak had, there was a band of material that had digits printed on it, around the perimeter of the band of material. And the prior art also showed a band of materials with digits printed around them. And the court held in that case, because of the interreaction, first of all, they said you couldn't ignore the content of those digits, the nature of those digits. The nature of the digits was different in the prior art and in the applicant's invention. The court held that that nature was significant because it was functional, because it utilized the nature of the endless band to perform some useful purpose in the way that digits were sequenced, which was not present in the prior art. And in this case... Sounds functional. Pardon me? That sounds functional, which is different from your... Yes, there was still... ...opposed invention. There was the broad function of displaying digits was the same. And that seems to be the patent office position in this case, that you're just displaying a name. But here, there's a different function, there's a synergism, the psychological effect of the name in conjunction on the page. So it's not... As an example, if I just put an ornamental imprinting on the page, then that would get into the Nagai's case, Inroy Nagai, in which it was more like an aggregation. There was no real interaction, it was just there. There was no functional interaction, it was just physically together. Now, the court in Inroy Gulak said it performed two functions, that it provided us physical support. In Nagai, it was a rather extreme case. There wasn't even an attachment, there was instructions that went with a kit. The kit was old. The instructions described to the user how to use that kit to perform a patent method, which, in that case, the African had gotten method claims on that method. But there, there was no physical connection, which there wasn't at Gulak, and there was no functional interrelationship that either one would perform without the other. Here, we need the calendar for the name, to get the effect. It's not just a matter of putting the name on a guy's, the customer's calendar. It's that psychological effect of the name. We have to have that calendar because that's what makes him turn the page, that's what makes him look at the page because it's a new day and a fresh look. His eyes are seeing and he's interested in and is going to absorb that page. That's the mechanism whereby we bring that to his attention in such a way that it clicks. It's okay. He sees a combination and he does see it. That sort of thing doesn't happen as an obvious variation in every form of advertising? No, it doesn't. It's not a pretty obvious thing for one of skill in the art to display the name as repetitively and on a daily basis as possible if your product will allow it? That's not a very... You have to have an obvious view of what? One of skill in the art. Why, if we're in the art of advertising, why wouldn't one of skill say put that name as often as you can in as many places as you can put it on every day? Why isn't that an obvious principle? There's a subtlety here that was not appreciated. In fact, there's no prior art. There's all kinds of calendars for all these years and the examiner couldn't come up with any prior art just to say it's obvious. The issue in this case was not the way I interpreted the decisions. The board said that they were obvious in their first decision. They said it was not obvious. It's right in their decision. They reversed the examiner when he made that rejection. They said go back and look at the printed matter issue. The examiner came back with the printed matter and he basically said ignore the printed matter because there's no functional relationship. The issue that the court now has is not whether it's just obvious on general grounds but can they ignore the nature of that name because it has no functional or relationship to the calendar when it manifestly does. Mr. Benefield, you're into your rebuttal. You can save it or use it. Pardon me, I'm sorry. You're into your rebuttal time. Yes. You may save it or use it now. I'll save it. Mr. Jenks. Thank you, Your Honor. May it please the court. I'd like to begin with the prior art that is in the record. Why did they find prior art? It seems like there ought to be prior art here. Why wasn't there more prior art? Well, in general I can't answer the question why there's not that perfect 102 reference. However, the art that's relied upon is, I think, extremely close and if we look at it it's shown on the opposite of page 3 in the red brief. That is the Hallam reference and you can see that we are very close in terms of what is printed on the calendar. In fact, Hallam shows a pad of paper which can be daily torn off and on each day or on each sheet is a particular day and date. In addition, on page in Hallam you'll see there are other printed matter other than the day and date. There's the historical information there's illustrations all of these are designed to draw your eye to the calendar why each day for the payoff which is the advertising and the blank space in Hallam section B of Hallam on that illustration is where the advertising copy is intended to be placed. So each day the proprietor of a shop who wants to display this calendar can put his own advertising in there. So we've got the same printed matter in terms of the day and date we've got additional printed matter in terms of the history and we've got the advertising function already displayed in Hallam. So that is the prior art we have here and the effect on the psyche the board considered it did not just disregard you can see in the opinion of page 81 and 82 there are references to even if that's the effect even if that's the effect the functional relationship is still the same as in Hallam you're advertising you're bringing the eye to the calendar each day. Now if the court has any further questions I'd be happy to answer them otherwise I can yield my time. We never penalize anyone for yielding time Mr. Benefield has little time left to respond. The advertisement it's not the same thing you're promoting it to another person so the advertising would be a double inclusion let's say the enterprise to be promoted and and another person so that there's no suggestion there that you would hook up personally that this calendar is not connected to your target and that this is usually these calendars the implication is that it's not personalized it's on the wall somebody comes in and sees it and you see the enterprise and advertising works its magic here it's a different from everything this is where you okay this calendar is going to be tied into a person an individual Judge Bernstein's question from the earlier there is some verbiage in claim 1 that the identifier and enterprise are to be promoted so that there's an implication that the enterprise is promoted to the person the method clients are in terms of the promotion to the person so there's nothing in prior art that is concerned at all with personal advertising connection to an individual  observer at large this is something very specific but the claim does say person's name well with the name of the person and then it repeats it claim 1 says with each page prominently printed with the name of the person to personalize each page of the calendar each page also prominently printed with an identifier of an enterprise to be promoted whereby said person's name and said enterprise identifier are visually associated on each page it's a very different concept than run-of-the-mill advertising and the prior art is run-of-the-mill advertising and this is a whole different kind of a program where you deliver all of these calendars to individuals now that's not my common experience as I've been done I think we understand your point Mr. Benefiel any further points you wish to make I think we'll take the case under advisory board all rise the honorable court is adjourned  at 2 o'clock